NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **DANIEL MACIO SAUNDERS,** | No. 12-35834 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01456-RSM |
| v. | |
| **KING COUNTY,** | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted November 5, 2013
Seattle, Washington

Before:     **KOZINSKI**, Chief Judge, **PAEZ** and **BERZON**, Circuit Judges.

   **1.** Saunders didn't have a free-standing federal due process right to be

present when a criminal information was filed and an arrest warrant issued.  See,

e.g., Gerstein v. Pugh, 420 U.S. 103, 119–22 (1975).  Despite this well-settled law,

Saunders appears to argue that the Washington Superior Court Criminal Rules

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("CrRs") give him a federally enforceable right to be present for these events. Even if the Rules create enforceable liberty interests beyond what is required by federal due process, see, e.g., Ky. Dep't. of Corr. v. Thompson, 490 U.S. 454, 460–63 (1989), Saunders's claim fails because Washington's procedures for filing a criminal information and issuing an arrest warrant were followed in his case. These events were governed by Rules 2.1 and 2.2, which make no provision for a defendant's presence at this stage of a criminal proceeding. Nothing in the plain language of these rules suggests that they don't apply to individuals like Saunders who are in custody when charges are filed against them.

Nor did Rule 3.2.1 give Saunders the right to be present when his information was filed and arrest warrant issued. Under that rule, Saunders had the right to a preliminary hearing for a probable cause determination, and to be released if no charges were filed within 72 hours. CrR 3.2.1(a)–(b), (f). That's exactly what he got.

**2.** Furthermore, Rule 3.2.1 didn't bar the County from filing charges against Saunders more than 72 hours after his arrest. Rule 3.2.1 provides that if no charges are filed within that time frame, "the accused shall be immediately released from jail or deemed exonerated from all conditions of release." CrR 3.2.1(f)(2)(ii).

Contrary to Saunders's claim, this language did not forever exonerate him from his prior criminal conduct; it simply required the County to release him and obtain a valid warrant for his arrest.  Since this is what the County did, Saunders's due process claim fails.

**AFFIRMED.**